# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO, WESTERN DIVISION

| | | |
|---|---|---|
| ASHTON DAWKINS, | ) | CIVIL COMPLAINT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE No. 3:18-cv-2132 |
| DIVERSIFIED CONSULTANTS, | ) | |
| INC. | ) | |
| | ) | |
| Defendant. | ) | **JURY DEMAND** |

## <u>COMPLAINT</u>

Now comes ASHTON DAWKINS ("Plaintiff"), complaining as to the conduct of DIVERSIFIED CONSULTANTS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.*, and the Ohio Consumer Sales Practices Act ("CSPA") under R.C. 1345.02 *et seq.*

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

[ 1 ]

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Northern District of Ohio and a substantial portion of the events or omissions giving rise to the claims occurred within this District.

PARTIES

4.      Plaintiff is a natural person residing within the Northern District of Ohio.

5.      Defendant is a third-party debt collector with its principal place of business at 10550 Deerwood Park Blvd., Jacksonville, Florida.

6.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

FACTS SUPPORTING CAUSES OF ACTION

7.      Years ago, Plaintiff's mother was responsible for paying on a Verizon account for consumer telephone services.

8.      Plaintiff's mother paid off the account in full, and Plaintiff has never been responsible for paying the Verizon account.

9.      Plaintiff uses a pre-paid phone plan for his own phone needs and is not responsible for any Verizon bills.

10.      On September 17, around 10:48 A.M., Defendant called Plaintiff to collect from Plaintiff on his mother's old Verizon account.

11.      Defendant's representative, who went by the pseudonym "Michelle," represented to Plaintiff that the amount of the debt was $214.

[ 2 ]

12.     After the phone call, Plaintiff talked to his mother and asked her to verify that she had paid off the old Verizon account.

13.     Plaintiff's mother confirmed that she had paid off the account.

14.     Around 11:06 A.M., Defendant's representative, who went by the name "Luke Ford," placed another call to Plaintiff.

15.     Luke Ford represented to Plaintiff that the amount of the debt was $250.

16.     Plaintiff explained to Luke Ford that the debt had already been paid off.

17.     Luke Ford became aggressive, and when Plaintiff said he did not have any receipts immediately available to prove the payment, Luke Ford responded:  "I didn't think so."

18.     In a subsequent call, Plaintiff asked yet another representative to confirm that Plaintiff had spoken to someone named "Luke Ford."

19.     Every time Plaintiff would ask if he had spoken to "Luke Ford," Defendant's representative would respond "I'm sorry, I couldn't hear you."

20.     Defendant's representatives were always able to hear Plaintiff when Plaintiff discussed the alleged debt; yet they were mysteriously never able to hear Plaintiff when Plaintiff asked questions to obtain information about Defendant.

21.     Defendant's actions were designed to frustrate, annoy, intimidate, bully, and harass Plaintiff into paying a debt that Plaintiff does not owe.

22.     Plaintiff has suffered from concrete injury, including disruption of his life, confusion, anger, and wasteful expenditures of his time.

[ 3 ]

## COUNT I — VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23.     Plaintiff realleges the paragraphs above as though fully set forth herein.

24.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

25.     Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purpose of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so.  In the alternative, Defendant is a "debt collector" under § 1692(a)(6) because it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

26.     Defendant identifies itself as a debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed, due, or asserted to be owed or due to others.

27.     The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes, namely a debt for living expenses.

### a.  Violations of FDCPA § 1692b and § 1692c(b).

28.     The FDCPA, pursuant to 15 U.S.C. § 1692b, prohibits a debt collector from "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer."

29.     The FDCPA, pursuant to 15 U.S.C. § 1692c(b), states that "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise

[ 4 ]

permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

30.     Defendant violated § 1692b and § 1692c(b) when it contacted Plaintiff regarding his mother's debt and revealed that it was calling about a debt.

31.     This harmed Plaintiff by interfering with his relationship with his mother, and by causing him to wonder about (and spend time investigating) his mother's alleged debt.

### b.  Violations of FDCPA § 1692d(6).

32.     The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from "the placement of telephone calls without meaningful disclosure of the caller's identity."

33.     Defendant violated this section when it refused to confirm or deny to Plaintiff that its agent "Luke Ford" had called Plaintiff.

### c.  Violations of FDCPA § 1692e(2).

34.     The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

35.     Specifically, § 1692e(2)(A) prohibits a debt collector from making a "false representation of—the character, amount, or legal status of any debt."

36.     Defendant violated this section when it stated first that Plaintiff allegedly owed $214, then stated that Plaintiff owed $250—when it reality, Plaintiff owes nothing.

37.     The above acts therefore all violated § 1692e, harming Plaintiff.

[ 5 ]

**d.** Vi**olations of § 1692e(7).**

38.     The FDCPA, pursuant to 15 U.S.C. § 1692(e)(7), prohibits "[t]he false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer."

39.     Defendant violated § 1692(e)(7) when it insinuated that Plaintiff was lying about his family having paid off the alleged debt.  Defendant, through its actions, was attempting to cause Plaintiff to feel shame and disgrace.

**e.   Violations of § 1692e(8).**

40.     The FDCPA, pursuant to 15 U.S.C. § 1692(e)(8), prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

41.     Defendant violated § 1692(e)(8) when it falsely communicated to Plaintiff that Plaintiff's mother's Verizon account was due and owing, and Defendant either knew or should have known that this was false.

**f.   Violations of § 1692e(10).**

42.     The FDCPA, pursuant to 15 U.S.C. § 1692(e)(10), prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

43.     Defendant violated § 1692(e)(10) when it falsely communicated to Plaintiff that Plaintiff's mother's Verizon account was due and owing; when its agents lied about whether they could hear Plaintiff on the telephone; when they refused to confirm or

[ 6 ]

deny that Plaintiff had spoken to "Luke Ford"; and when they repeatedly attempted to collect from Plaintiff on an alleged debt that Plaintiff did not owe.

### g. Violations of FDCPA § 1692f.

44. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

45. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on a debt by repeatedly attempting to collect on a debt that Plaintiff did not owe.

### COUNT II — VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

46. Plaintiff realleges the paragraphs above as though fully set forth herein.

47. R.C. 1345.09(B) grants Plaintiff a private right of action for damages where the Defendant has violated R.C. 1345.02, and "[w]here the violation was an act or practice determined by a court of this state to violate section 1345.02 . . . of the Revised Code and committed after the decision containing the determination has been made available for public inspection."

48. The CSPA, pursuant to R.C. 1345.02(A), states that "[n]o supplier shall commit an unfair or deceptive practice in connection with a consumer transaction."

49. Defendant is a "supplier" as defined by R.C. 1345.01(C). *Taylor v. First Resolution Invest. Corp.*, 72 N.E.3d 573, 600 (Ohio 2016).

50. Defendant's acts were committed in connection with a "consumer transaction" because it was collecting on a loan for living expenses.

[ 7 ]

51.     Defendant has committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), by engaging in acts and practices in violation of the FDCPA as set forth above.

52.     Thus, Defendant has violated R.C. 1345.02.

53.     Violating the enumerated provisions of the FDCPA is an act or practice previously determined by Ohio courts to violate R.C. 1345.02.  *See, e.g.*, *Kelly v. Montgomery Lynch & Assocs., Inc.*, No. 1:07-CV-919, 2008 WL 1775251, at *11 (N.D. Ohio Apr. 15, 2008) ("[A]ny violation of any one of the enumerated sections of the FDCPA is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or § 1345.03").

54.     Such decisions have been made available for public inspection.  *See, e.g.*, Ohio Attorney General Public Inspection File #2653, *available at* http://opif.ohioattorneygeneral.gov/opifimages/PIF2653.pdf.

55.     Defendant's actions therefore violated the CSPA, and Plaintiff is entitled to compensation in the amount of $200 *per violation of the FDCPA*, plus up to $5,000 in noneconomic damages per violation, plus reasonable attorney fees.  R.C. 1345.09(B) & (F).

56.     Under the CSPA, the Court may award a multiplier for attorney fees for contingency fee cases, such as this one.  *Davis v. Mut. Life Ins. Co. of New York*, 6 F.3d 367, 383 (6th Cir. 1993) (citing *Bittner v. Tri-Cty. Toyota, Inc.*, 569 N.E.2d 464 (Ohio 1991)).

[ 8 ]

WHEREFORE, Plaintiff respectfully requests judgment as follows:

**a.** Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

**b.** Awarding Plaintiff statutory damages up to $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

**c.** Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

**d.** Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

**e.** Awarding Plaintiff $200 in statutory damages and up to $5,000 in noneconomic damages per violation of the CSPA;

**f.** Awarding Plaintiff attorney fees together with an appropriate multiplier for time expended pursuing her CSPA claims;

**g.** Awarding any other relief this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED**

Dated: September 17, 2018

By: s/ Jonathan Hilton
Jonathan Hilton (0095742)
HILTON PARKER LLC
10400 Blacklick-Eastern Rd NW, Ste. 110
Pickerington, OH 43147
Tel: (614) 992-2277
Fax: (614) 427-557
jhilton@hiltonparker.com
www.hiltonparker.com
*Attorney for Plaintiff*